# UNITED STATES DISTRICT COURT STATE OF RHODE ISLAND

**John Cesario**
**Carol Cesario**

**Plaintiff's**

**Vs** **CASE # 05-90-S**

**Stephen Bergquist**

**Defendant**

**Plaintiff's Objection To Defendants Motion To Dismiss The Above Titled Matter**

Plaintiff's object to Defendants Motion to Dismiss. The Plaintiff's attach a limited Memoranda of Law as they have not seen the Defendants Motion to Dismiss.

Plaintiffs aver that the Defendant never sent a motion to them. Plaintiff's only found out that a motion to dismiss was filed on 3/28/2004 due to phoning the clerks office to determine whether the complaint was answered.

The limited Memoranda does not specifically address any purported claims made by the Defendant, and in fact at this time the Plaintiff's are unaware if a memoranda of Law has been filed.

The Defendant has a history of not informing the Plaintiff's of motions and filings. In a previous dismissed case Attorney Walsh complained to the court of this very fact. The Defendant obviously didn't notify the Plaintiff of a contempt motion that was one of the beginning issues that caused this case.

Plaintiffs pray Defendants motion is dismissed

Plaintiff's

Carol Cesario 3/29/05

John Cesario
Carol Cesario
64 Verdant Drive
Cranston RI 02920 615-0549

[signature] 3/28/05

Certification: The Plaintiff's certify that the above motion and attached documents were mailed to the Defendant by US prepaid mail to the address of 189 Legion Way Cranston On 3/29/2005

Carol Cesario 3/29/05

[signature] 3/28/05

3

Plaintiff's Memoranda of Law attached to Objection to Defendants Motion to Dismiss

The Plaintiff's complaint is clear as to the jurisdiction and venue of the Court being proper. The Constitutional challenges the Plaintiff's have made in the Superior Court were never addressed by the RI Supreme Court. The hearings of 5/12/2001 and 8/20/2001occurred without either a motion filed or properly filed. Those hearings the Plaintiff was clearly deprived of notice and an opportunity to be heard.

It is settled without peradventure that a litigants being able to defend a complaint is predicated on the litigant having knowledge of the charges and an opportunity to properly defend those charges. Aside from the issues raised in the Plaintiff's complaint, judge Fortunato denied that he even placed the purported restraining order of 8/31/2001.

As far as the hearing on 10/22/2001 the Plaintiff was purportedly admonished and restrained. Not only was the order void based on the GAL not being a party, the Plaintiff did not receive any notice or an opportunity to oppose a "purported admonishment".

The finding of contempt of the Plaintiff by Judge Fortunato on December 10th 2001 of a purported admonishment is void as its face, as there is no law allowing for a contempt finding for a purported admonishment, without notice or an opportunity to be heard, on a person who is not a party to the order.

The Febuary 28th 2002 hearing and finding of contempt rests on the premise that the December 10th 2001 hearing resulted in a valid court judgment. The RI Supreme Court did not answer the Plaintiff's clear objection that his rights protected by the First Amendment afforded him the right to contact an attorney who was no longer involved in the divorce. No evidence of any interference of divorce proceedings occurred. The Disciplinary complaint was regarding Attorney Rioles witness tampering in the Plaintiff's

Superior Court matter.

Further, the RI Supreme Court did not address the Plaintiff's claim that there was not any notice in the contempt motion that the Plaintiff could possibly be restrained, the plaintiff had no opportunity to be heard in opposition to a restraining order, and the order presented by the Defendant was fraudulent.

The R.I. Supreme Court failed to address the Plaintiff's Writ claiming that Judge Vogel charged him with a Rule 11 Violation and ordered him to pay attorney fees. The Plaintiff was not given any notice to the possible entry of the Rule 11 violation, and was not given the opportunity to be heard in opposition to them. The Plaintiff's filings were accurate. Judge Proccacini found that the restraining orders are not credible. The RI Supreme Court has fraudulently stated that the 8/20/2001 hearing was civil, they then found the hearing to be civil in violation of their own case law and a finding by federal Judge Martin.

This bill of equity arises directly under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, a venerable common law remedy available to collaterally attack a final State court judgment ***at any time*** as void as wanting in due process for gross irregularities and "departures from established modes of procedure", *Windsor v. McVeigh*, 93 U.S.274, 281-282 (1876); The Fifth Amendment of the Constitution and the Equal Protection Under the Law.

Family Court clearly entered orders sui juris, without notice or an opportunity to be heard. Those orders are void and the Plaintiff's shouldn't live under threat of enforcement of void orders.

## II. <u>JURISDICTION</u>

8. This Court's subject matter jurisdiction to hear a separate and independent plenary action in the nature of a bill of equity under Rhode Island common law, collaterally attacking a final Rhode Island State Court judgments as void is invoked under this Court's Federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the substantive claims presented herein arise directly under the Due Process Clause of the Fifth, First and Fourteenth Amendments of the United States Constitution. *Davis v. Passman*, 442 U.S.226, 242 (1979). venerable common law remedy available to collaterally attack a final state court judgment ***at any time*** as void as wanting in due process for gross irregularities and "departures from established modes of procedure", *Windsor v. McVeigh*, 93 U.S.274, 281-282 (1876), as well as for deliberate acts of extrinsic fraud, fraudulent orders and orders lacking procedural and substantive due process as required by law. The Plaintiff's appeared in Court proceedings that were a farce and mockery of Plaintiff's procedural and substantive due process rights to notice and to a full and fair opportunity to be heard in state court. *See, Wetmore v. Karrick*, 205 U.S. 141,149(1907); *Baldwin v. Hale,* 1 Wall 223, 17 L.Ed. 531 (1864); *Hovey v. Elliott,* 167 U.S. 409 (1897); *Daniels v. Williams,* 474 U.S.327, 329-33 (1986); *Welden v. United States*, 70 F.3d 1,11-15(2d Cir.1995); *Resolute Insurance Co. v. North Carolina*, 397 F.2d 586, 589(4th Cir.1968); *Yale v National Indemnity Co.,* 602 F.2d 642,644-45(4th Cir.1979); *Catz v. Chalker*, 142 F.3d 279, 287-290, 293-95 & fn.8 (6th Cir. 1998); *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730, 735(5th Cir.1984); *Fontana Empire Center v. City of Fontana,* 307 F.3d 987, 992-95(9th Cir.2002); *Simanonok v. Simanonok*, 787 F.2d 1517,1522(11th Cir.1986), *Castellano v. Fragozo*, No. 00-50591 (5th Cir. 2003).

The District Court has complete and total subject matter jurisdiction. ***See, Barrows v. Hutton*, 99 U.S. 80, 83(1878); *Catz v. Chalker*, 142 F.3d 279, 287-295 & fn.8 (6th Cir.1998); *Simanonok v. Simanonok*, 787 F.2d 1517,1522(11t Cir. 1986, *Castellano v. Fragozo*, No. 00-50591 (5th Cir. 2003). *Marine Terminals, Inc., 801 F.2d 186, 188-89***

***(6th Cir. 1986). There, we noted that although a district court "has no authority to review final judgments of a state court in judicial proceedings," Feldman, 460 U.S. at 482, . . . [a] federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake . . . ." Resolute Insurance Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968).Sun Valley, 801 F.2d at 189. See also Lewis v. East Feliciana Parish Sch. Bd., 820 F.2d 143, 146 (5th Cir. 1987) (due process challenge to state proceedings not barred by Feldman doctrine,.*** **Cf. Raley v. Ohio, 360 U.S. 423, 436 -437 [460 U.S. 462, 483] (1959) ("There can be no question as to the proper presentation of a federal claim when the highest state court passes on it. . . .**

***U.S. Supreme Court holing MENNONITE BOARD OF MISSIONS v. ADAMS, 462 U.S. 791 (1983) The manner of notice provided to appellant did not meet the requirements of the Due Process Clause of the Fourteenth Amendment.. Prior to an action that will affect an interest in life, liberty, or property protected by the Due Process Clause, a State must provide***

HENRY D. McDONALD, Plff. in Err., v. F. A. MABEE. No. 135, GREENE v. LINDSEY, 456 U.S. 444 (1982) "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and them afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 . Pp. 449-450.

***Miranda v. Arizona,* 384 U.S. 426, 491; 86 S. Ct. 1603 "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them. *Gomillion v. Lightfoot*, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S.."649.644 "Constitutional 'rights' would be of little value if they could be indirectly denied."**

***Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882)*"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." *Duncan v. Missouri, 15* Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."**

***Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958)The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". See also *In Re Sawyer*, 124 U.S. 200 (188); *U.S. v. Will*, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821). Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5**

Void orders can be attacked at any time.

**UNITED STATES DISTRICT COURT STATE OF RHODE ISLAND**

**John Cesario**
**Carol Cesario**

**Plaintiff's**

**Vs** **CASE # 05-90-S**

**Stephen Bergquist**

**Defendant**

## Plaintiff's Supplemental Memoranda In Law In Support of Its Objection To The Defendants Motion To Dismiss

Plaintiff's again state that they were never served with a Motion To Dismiss. The Plaintiff John Cesario was notified by the Clerk of The Court on 3/28/2005 that a motion to dismiss was filed by the Defendant. The Plaintiff called the Clerk of the Court on 3/28/2005 because 20 days had elapsed from the lawful service of the complaint and the Plaintiff sought to seek if an answer was properly filed with the Court.

The Plaintiff's should not have to call the Court every day to determine whether the Defendant furtively makes filings without notifying the Plaintiff's. The Defendant has previously entered a portion of the 8/31/2001 transcript and the Report and orders of Federal Court in the Supreme Court matter, without a motion to add to the record or notice to the Plaintiff. This is an outrageous pattern of behavior.

The Plaintiff will address the grounds the Defendant's grounds in his Motion To Dismiss. The Defendant asserts that Federal Jurisdiction is not appropriate in the above titled action. The Plaintiff's have submitted substantial case law as to the Court's jurisdiction, including the Feldman case which the Defendant references. The Defendant clearly has not understood the Feldman holdings, as he has relied on only one determination, "lower

courts possess no power whatever to sit in direct review of State Court decisions".

*See, Barrows v. Hutton*, 99 U.S. 80, 83(1878); *Catz v. Chalker*, 142 F.3d 279, 287-295 &

fn.8 (6th Cir.1998); *Simanonok v. Simanonok*, 787 F.2d 1517,1522(11t Cir. 1986, *Castellano v. Fragozo*, No. 00-50591 (5th Cir. 2003). *Marine Terminals, Inc., 801 F.2d 186, 188-89 (6th Cir. 1986). There, we noted that although a district court "has no authority to review final judgments of a state court in judicial proceedings," Feldman, 460 U.S. at 482, . . . [a] federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake . . . ." Resolute Insurance Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968).Sun Valley, 801 F.2d at 189. See also Lewis v. East Feliciana Parish Sch. Bd., 820 F.2d 143, 146 (5th Cir. 1987) (due process challenge to state proceedings not barred by Feldman doctrine,.* Cf. Raley v. Ohio, 360 U.S. 423, 436 -437 [460 U.S. 462, 483] (1959) ("There can be no question as to the proper presentation of a federal claim when the highest state court passes on it. . . .The RI Supreme Court did not make a finding as to the issues of orders being void.

The May 31st 2001 and August 2001 hearings there was not any motion filed or certification to The Plaintiff. It is settled without peradventure that a person facing the lose of liberty or property is entitled to due process of law. It is also well settled that that in order for a Defendant to present a defense he must be aware of the charges against him and afforded a reasonable amount of time to prepare a defense. The RI Supreme Court held that the Defendant was not served and that his rights to due process were violated as to criminal contempt. Civil contempt can deprive the Defendant of the same loss of liberty and property, yet they held that the Defendant may have waived his right to due process. The record proves that theory incorrect.

Further, they stated the hearing was designated civil, the record proves that theory wrong. The Supreme Court also held that the restraining order of 8/31/2001 could have been a purge, yet the record proves that no purge occurred. The Supreme Court also held that the order may have been an independent action, yet there is no record of the Defendant filing an independent action which would have resulted in an independent order, Rule 65.

Further, the purported restraining order was a condition of release from an unlawful sentence. Fortunato denied even placing the order at the very next hearing and continues to refuse to sign an order.

Patricia Murray Rapoza was not a party to the Superior Court action, whereby the purported admonishment without notice or an opportunity to oppose was void. Further, there is no law in the United States that allows an imprisonment for a violation of a purported admonishment which did not occur.

Judge Vogel sanctioned the Plaintiff attorney fees on 8/25/2001. She sua sponte turned a contempt motion into a Rule 11 without notice, specifics of charges, or an opportunity to oppose, thereby violating rights protected by the Fourteenth Amendment. Additionally, the only valid motion before the court was the Plaintiff's motions. The contempt motion which was converted into a Rule 11 violation had a certification of the day before the hearing.

The RI Supreme Court did not address the Plaintiff's First Amendment claims at the Febuary 28th 2002 hearing. The Plaintiff has a right to contact any official, assuming Fortunato's determination was correct. The Plaintiff had an absolute to contact both Rioles and the Disciplinary Committee as to Rioles witness tampering in Superior Court. Rioles was not Carol's attorney on December 22nd 2001 and there was absolutely no interference of a court order.

The Restraining order from the hearing of of Febuary 28th is void based on lack of notice and an opportunity to oppose, and the order was never issued. The Defendant just made it up as to be an order of the Febuary 28th 2002 hearing.

The Final Decree is a fraud, and the Family Court obviously is blatantly violating

protected rights by issuing orders sui juris. The Family Court continues to be intent on covering up its incompetence while pursuing a path of destroying a family. The Plaintiff's were clear in their complaint that they are not seeking a de novo or any type of review of the underlying facts or determinations. Due process violations and extrinsic fraud

The Defendants fail to state a claim argument is also fatally flawed, a federal claim was stated in the complaint, in the previous memoranda and in this memoranda.

As to Count 3 by the Defendant, the Plaintiff can see no legal basis in that which would warrant the Courts consideration.

As to the Defendants claims that this case mirrors all assertions in case # 02-289T lawsuit, the Defendant is mistaken and he may want to review the holding in Catz, supra. The RI Supreme Court opinion was issued on 2/9/2004 and they simply failed to entertain all the Constitutional challenges presented by the Plaintiff's. The right to attack a void order can never be waived, until the issue is adjudicated. The Defendant seems to be throwing up three pointers from half court if he seriously thinks that a Federal Judge will issue a report and order which validates void and fraudulent orders.

The Court should be aware that the Plaintiff's have attempted to be as professional as possible. The Plaintiff's cannot comply with the Rules of the Court if the Defendant continues this pattern of making filings without giving notice the Plaintiff's. The Plaintiff's should both be served with filings and when litigant certifies and makes representations to the Court that he has served a party with a filing, that representation should be accurate.

Further, a motion to dismiss without any evidence to support it must be denied. The Defendants motion to dismiss is no more than an attorneys unsubstantiated filings, and is not evidence at all.

Plaintiff's

John Cesario
Carol Cesario
64 Verdant Drive
Cranston RI 02920 615-0549

Carol Cesario 3/29/05
[signature] 3/29/05

Certification: The Plaintiff's certify that the above motion and attached documents were mailed to the Defendant by US prepaid mail to the address of 189 Legion Way Cranston RI 02910 on 3/29/2005

[signature] 3/29/05