# UNITED STATES DISTRICT COURT STATE OF RHODE ISLAND

**John Cesario**
**Carol Cesario**
**Plaintiff's**
**Vs** **CASE # 05-90-S**
**Stephen Bergquist**
**Defendant**

**Petitioners Motion To Amend the above Captioned complaint In Rem Complaint**

Here comes the Petitioners, pursuant to FR Rule 15A, and request leave of the Court to Amend the above titled complaint for the following grounds.

The Petitioner, would amend the complaint as follows as detailed in the attached complaint and Memo.:

Amended Relief Requested:

1. That the order of 10/22/2001 compelling the Plaintiff John Cesario to pay the Guardian Ad Litem, Patricia Rapoza $500.00 be stricken as a void judgment as the order is void as to notice, an opportunity to be heard in opposition as well as the Guardian was not a party to the case #PC00-6141 in Superior Court. The Plaintiff has given the Guardian ad Litem a chance to settle this without the complaint being amended, she has not responded.

2. That the 8/20/2001 hearing be stricken as void on the further grounds that said criminal hearing was in violation of Sixth Amendment rights, JOHNSON v. ZERBST, 304 U.S. 458 (1938)

Attached memoranda , plaintiff's have already filed exhibits which have not changed.

8

**Plaintiff's Memoranda of Law in Support of the Plaintiff's Motion to Amend the Complaint titled 05-90-S**

1. The Plaintiff seeks leave of the Court to amend the above captioned complaint pursuant to local Rule
2. The Plaintiff states void orders can be attacked at any time, the R.I. Supreme Court passed on determining whether the order was valid in the opinion ` previously filed with the Court dated 2-9-2004. Patricia Rapoza was not a party to the action PC00-6141, the Plaintiff did not receive any notice that he would be responsible for her billing costs and was not afforded an opportunity to oppose the order. Wherefore, the order directing the Plaintiff to pay the Guardian Ad Litem $500.00 violated rights protected by the Fourteenth Amendment. The Plaintiff claimed in filings with both the Superior Court and Supreme Court that Rapoza was not a party to the action PC -006141 in Superior Court.
3. The Guardian ad Litem, Rapoza, billed the parties in the divorce action FC 00-1371 for the time she appeared in Court on 10/22/2001.
4. The Plaintiff John Cesario had a Constitutionally protected right to call witnesses in defense of his motion. ATTACHED AMENDED COMPLAINT
5. The Plaintiff inadvertently omitted Sixth Amendment violations in the complaint 05-90-S. As the R.I. District Court previously determined the hearing criminal, the holding of the United States Supreme Court's JOHNSON v. ZERBST, 304

*U.S. 458 (1938) is controlling as to the issue of voidness. Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this [304 U.S. 458, 468] right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused,*

*however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the hearing of trial may be lost 'in the course of the proceedings' due to failure to complete the court-as the Sixth Amendment requires-by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void,*

Plaintiff's
John Cesario, 5/25/2005

Carol Cesario 64 Verdant Drive Cranston R.I. 02920 615-0549
Carol Cesario 5/25/2005
Certification

I certify that a true copy of the in rem action, motion and memoranda was mailed to Patricia Rapoza 110 Park Ave, Cranston RI 02910 and Stephen Bergquist 189 Legion Way Cranston RO 02910, postage prepaid, US mail, on ~~4/19/2005~~ 5/25/2005