**ORIGINAL**

**John Cesario**
**Carol Cesario**

**Plaintiff's**

**Vs** **CASE # 05-90-S**

**Stephen Bergquist**

**Defendant**

SWORN AFFIDAVIT

Plaintiff Carol Cesario hereby notices her claim for relief under penalty of perjury pursuant to 28 U.S.C. § 1746 with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure as follows:

1. I incorporate all the memoranda of law in support of my motion for summary judgment in this affidavit as not to have to restate facts.

2. Attorney Rioles was directed by me on 12/6/2001 not to enter the stipulation she handwrote on 12/6/2001 that I initialed under duress.

3. Rioles prepared an order with different language including that the stipulation executed on 12/6/2001 and the Decision pending final Judgment were to be incorporated into the final decree. Rioles committed extrinsic fraud of the court rendering the judgment of 12/18/2001 void ab initio.

4. Entering that fraudulent order violated my rights to due process protected by the Fourteenth Amendment.

5. I filed a timely motion to vacate the final judgment which has never been heard.

6. I have never received child support since the entry of the fraudulent final decree despite the child support order never being vacated and Judge Bedrosian's bench decision of 5/1//2004 which ordered the decision pending final judgment to be amended to include her order of child support being in full force and effect from her bench decision of 9/17/2001. Judge Bedrosian has refused to sign that order and my attorney know tells me that a motion to compel her to sign her order must be filed, this is just another example of exigent circumstances which would allow this court's intervention.

7. I have nearly 24 motions and objections to orders that are not heard depite valid motions being put on the calendar. Judges make the most absurd excuses for not hearing motions, such as "they cannot locate the docket sheet". I have had a child support motion which was continued by Judge Bedrosian continued from a trial dated 4/8/2002, that motion was presented by the State child support enforcement.

8. I was the subject of nearly 20 abusive contempt charges that were NOT prosecuted by the defendant, but were intended to scare me.

9. The defendants attorney, John Lynch, has repeatedly entered fraudulent, and inaccurate orders which my objections are never heard. He has been allowed to lie to judges. He served me at my home by a constable with a crazy motion seeking to have me jailed and lose my children on 10/30/2001. In doing that he violated the rules of procedure and State law as I was represented at the time. Lynch filed an untimely motion to have placement of my children changed. Judge Hurst, in superior court, let Lynch's daughter know that that firm does not follow the rules.

10. Placement of my children was changed to the defendant who has been abusive, arrested for assault, the subject of numerous restraining orders without notice or an opportunity to be heard or present witnesses; on 3/24/2004. Also I was restrained from having my husband in the presence of the children without notice or an opportunity to be heard.

11. The reason for the order was Judge Mutter, sui juris, found I was assisting my husband in violating a Superior court restraining order affirmed by the RI Supreme Court.

12. First, I was not a party to the Superior Court nor did Judge Mutter have any jurisdiction to make a determination that my husband was in contempt of that order, or that I assisted him in violating that order.

13. Second, the order presented into evidence was a fraudulent order dated 4/15/2002 which was prepared by the defendant and signed by Judge Fortunato. The order represents that a restraining order issued on 2/28/2002, however the transcript does not reflect an order being issued. In filings made with the RI Supreme Court the defendant states that he had a private agreement with Judge Fortunato to enter the fraudulent order. My husband did not have notice of such an order, nor was he allowed due process to oppose such an order. My husband has tried on numerous occasions to vacate and or modify the order but is not allowed to be heard.

14. At one such motion to vacate dated 10/22/2001 Judge Fortunato told him that there was no order issued by him, and the controlling order was the 12/5/2000 order to which the children were not parties.

15. The RI Supreme Court affirmed a restraining order dated 8/31/2001 which was purportedly issued by Judge Fortunato as a condition of release from an illegal sentence. This court found the hearing of 8/20/2001 to be one of criminal contempt, wherefore any sanctions attached would have been vacated when the R.I Supreme Court quashed the sentence. The RI Supreme Court stated that the only was the restraining order would be valid, is if my husband had the opportunity to purge the contempt. The record shows he was not afforded the opportunity to purge the contempt, and there was not a restraining order issued on 8/20/2001. The children were not parties to the Superior Court action.

16. I do know that the basic jurisprudence principles of this country's legal system is due process, and attorneys cannot enter fraudulent orders or judges enter orders sui juris, as those orders do not square with due process. I was not allowed to oppose Judge Mutter's orders or even finish my testimony or present witnesses.

17. One of the reasons abstention should be waived is that the RI Supreme Court affirmed a fraudulent restraining order prepared by the defendant. The R.I Supreme Court has knowledge that the order was prepared by the defendant fraudulently. That order was the basis of the Family Court orders. The RI Supreme Court was given transcripts proving that there was no purging allowed and that the hearing of 8/20/2001 was not designated civil. In addition, the RI Supreme Court seems clearly prejudice against my husband. The RI supreme Court's own case law states that it is the duty of a court to remove the cloud of a void judgment, no matter how or at what time it is brought to the courts attention, LaMarche vs LaMarche. Justices involved in my husbands case that affirmed these void orders have a duty to recuse themselves, and they refuse. The United States Constitution guarantees me the right to have an impartial jury and or judges. These judges are clearly biased.

18. Additionally, neither the RI Supreme Court or Family Court is acknowledging that the order for a change of placement is automatically stayed under Rule 62, I remain a joint custodial parent. The defendant has complete control of the children and always lets me know that in the presence of the children. As the placement order is automatically stayed, the visitation schedule should remain the same as it was prior to the divorce.

19. The RI Courts have not heard on approximately 20 filings of mine from objections to motions including child support, contempts, motions to vacate ect ect.

20. Because a void order is in effect not an order at all, a collateral attack is warranted and the vacation of void orders maintains the status quo. I have to vacate the final decree because it is the only way I will be able to present evidence as to the defendants abusive behavior dating back to 2000. It is also the only way it appears I will be able to get my child support, and have a child support guideline worksheet dating back to the child support continuance files per federal law.

21. Besides the above stated exigent circumstances which will be further stated at hearing, the Family Court has not taken any measures to prevent the defendant from his abusive and alienating behavior that has not ceased and is documented as far back as 2000. No children should be emotionally torn apart and confused. It was Judge Mutter who directed me to marry to end this. While I wanted to marry, I did not want to marry without the children being included. The conduct of the defendant is completely lawless and warrants this courts immediate intervention. The order changing placement is automatically stayed by law, but I cannot get the State courts to enforce the law.

Executed this 5 day of July, 2005 under penalty of

perjury pursuant 28 U.S.C. § 1746.

Carol Cesario

Carol Cesario Plaintiff

64 Verdant Drive, Cranston R.I 02920

401-615 -0549

Notary commission expires 6/22/06

FILED